IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
WESTERN DIVISION

Gregory D. Williams,                      Case No. 5:20-CV-00615-JGC

         Plaintiff,

     v.                                   **ORDER**

Warden Tim Buchanan,

         Defendant.

This is a state prisoner habeas corpus case under 28 U.S.C. § 2254(d). Following referral to United States of America Magistrate Judge Jonathan D. Greenberg, Judge Greenberg filed his Report & Recommendation, which recommends that I deny the petition as time barred. (Doc. 11).

The Petitioner filed an Objection (Doc. 18), and the Respondent Warden filed a Response thereto. (Doc. 19).

On *de novo* review, I find Judge Greenberg's Report & Recommendation well taken in all respects. I therefore adopt the Report & Recommendation, deny and dismiss the petition, and decline to issue a Certificate of Appealability.

## Discussion

Because the dispositive issue is whether, under § 2254(d), the Petitioner met the one-year limitations period within which he had to file his petition after his state court judgment became final, I need not review the state court proceedings or factual background to his conviction for raping a twelve-year-old victim.

Judge Greenberg correctly concluded that petitioner's conviction became final on November 27, 2018. Thus, the limitations period expired on November 28, 2019.

Petitioner filed his petition on March 13, 2020—well past the expiration of the limitations period. (Doc. 11, pgID 554). Judge Greenberg also concluded that a delayed application to reopen petitioner's state court appeal had not tolled the running of the one-year period. (*Id.,* pgID 555). He properly concluded, as well, that the Petitioner's "new evidence" did not justify excusing the untimeliness of the petition. (*Id.,* pgID 558).

Judge Greenberg additionally rejected Petitioner's claim of actual innocence. The evidence of record, as found by the Ohio Court of Appeals, amply supported his conviction and life sentence for raping the twelve-year-old victim. (*Id.,* pgID 548–51). In any event, the actual innocence standard means *factual innocence,* not mere legal insufficiency. *E.g., Bousley v. United States,* 523 U.S. 614, 623 (1998).

The gravamen of Petitioner's Objections is that "it is imperative that this court review the erroneous and dangerous decisions of the Court of Appeals." (Doc. 18, pgID 478). In other words, Petitioner assumes that the law permits me to review the determinative state court decision, rather than Judge Greenberg's Report & Recommendation, *de novo.*

Setting aside the Petitioner's failure timely to file his petition, his view of the standard for habeas corpus review of a state court conviction is misplaced. To obtain habeas relief, a Petitioner must show the state court's judgment either: (1) involved an unreasonable application of clearly established federal law, as determined by the United States Supreme Court; or (2) resulted in a decision that was an unreasonable determination of the facts in light of the evidence presented in the state court proceedings. 28 U.S.C. § 2254(d); *see also Shoop v. Twyford*, 142 S. Ct. 2037, 2043 (2022).

The state appellate court's decision was neither contrary to clearly established Supreme Court case law nor reflective of an unreasonable interpretation of the evidence of record. Thus, even looking at the putative merits of the Petitioner's Objections, I perceive that it is meritless.

Petitioner claims his *pro se* status and unavailing efforts to secure counsel excuse his petition's untimeliness. This is no excuse. Those commonplace circumstances do not trump the limitations period. *E.g., Hall v. Warden, Lebanon Corr. Inst.*, 662 F.3d 745, 750–51 (6th Cir. 2011).

There is nothing objectionable in Judge Greenberg's Report & Recommendation. It is, accordingly, hereby

ORDERED THAT:

1. The Magistrate Judge's Report & Recommendation (Doc. 11) be, and the same hereby is, adopted as the order of this Court;

2. The Petitioner's Objections to the Report & Recommendation (Doc. 18) be, and same hereby are, overruled;

3. The petition for habeas corpus relief under 28 U.S.C. § 2254(d) be, and the same hereby is, denied and dismissed; and

4. I decline to issue a Certificate of Appealability, as jurists of reason could not rationally dispute the reasoning of this Order or its result.

So ordered.

/s/ James G. Carr
Sr. U.S. District Judge